Detectives Endowment Assn. v City of New York (2020 NY Slip Op 01711)





Detectives Endowment Assn. v City of New York


2020 NY Slip Op 01711


Decided on March 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2020

Friedman, J.P., Kapnick, Oing, González, JJ.


11261 654958/17

[*1] Detectives Endowment Association, et al., Plaintiffs-Respondents,
v
The City of New York, et al., Defendants-Appellants.


Georgia M. Pestana, Acting Corporation Counsel, New York (Ingrid R. Gustafson of counsel), for appellants.
Pitta LLP, New York (Barry N. Saltzman and Michael A. Palladino of counsel), respondents.



Order, Supreme Court, New York County )Robert R. Reed, J.(, entered February 1, 2019, which denied defendants' motion pursuant to CPLR 3211)a()1( and )a()7( to dismiss the complaint in its entirety, unanimously reversed, on the law, without costs and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiffs allege that the City breached an oral promise made during collective bargaining negotiations that if it reached agreements with them before reaching an agreement with another union, it would not then use the other union's contract as leverage to extract additional concessions from them. The complaint alleges that the City came to an agreement with the Patrolmen's Benevolent Association (PBA) that included a wage increase for incumbent officers 2.25% higher than plaintiffs had received, and that this increase was funded by reducing entry level pay and/or benefits for new officers, a practice known as "selling the unborn." However, plaintiffs do not represent entry-level members, so if they wish to obtain the same salary increases as the PBA, they have to make different concessions, such as giving back incumbent members' existing benefits in what is known as "attrition bargaining." The complaint alleges that, contrary to its promise, after reaching the agreement with the PBA, the City maintained that plaintiffs were locked into their lower contractual terms or, in the alternative, must pay for a wage increase by making additional concessions. Plaintiffs seek a declaration that the City owes them the 2.25% wage increase it promised and is estopped from demanding that the increase be achieved through concessions.
Plaintiffs' effort to have the court interpret the parties' collective bargaining agreements, on grounds of fairness and equity, to impliedly include these advantageous terms, places this dispute squarely within the definition of a grievance under the agreements, i.e., "a dispute concerning the ... interpretation of the terms of this collective bargaining agreement." As such, it must be resolved pursuant to the grievance procedures set forth in the agreements.
The grievance procedures provide that if the matter is not resolved at an earlier stage, it will be arbitrated before the Board of Collective Bargaining (BCB) (see NYC Charter § 1171). Thus, this dispute is within BCB's primary jurisdiction. Moreover, plaintiffs allege that defendant Linn initially took steps to "implement" the agreement to refrain from brokering a deal with the PBA that would trigger attrition bargaining by them, but, in an about-face, not only failed to "implement" the agreement, but altogether subverted it, by negotiating the PBA agreement that entailed "selling the unborn" (see Administrative Code of City of NY § 12-306[c][5]). Thus, plaintiffs allege that defendants eventually engaged in conduct antithetical to good faith bargaining as defined in Administrative Code § 12-306(c).
This is a claim of "improper practices" that is properly addressed by BCB (see Administrative Code § 12-309[a][4]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2020
CLERK